# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THANH NGUYEN,<br><br>        Petitioner,<br><br>  v.<br><br>J. HARTLEY,<br><br>        Respondent.<br>_____/ | 1:07-cv-01837 OWW DLB (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION, DENYING PETITION FOR WRIT OF HABEAS CORPUS, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT IN FAVOR OF RESPONDENT<br><br>[Doc. 10] |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    On September 2, 2008, the Magistrate Judge issued a Findings and Recommendation that the Petition for Writ of Habeas Corpus be DENIED. This Findings and Recommendation was served on all parties and contained notice that any objections were to be filed within thirty (30) days of the date of service of the order.

    On September 10, 2008, Petitioner filed timely objections to the Findings and Recommendation. After obtaining an extension of time, Respondent filed a reply on October 24, 2008.

    In his objections, Petitioner primarily contends that the Findings and Recommendation is contrary to the California Supreme Court's recent holding in In Re Lawrence, 44 Cal.4th 1181 (2008).

    Just days before the Magistrate Judge's Findings and Recommendation was issued, the

1

California Supreme Court clarified the standard of the review applicable to parole decisions by the Board or Governor in In re Lawrence, 44 Cal.4th 1181 (Aug. 21, 2008). The applicable standard "is whether some evidence supports the *decision* of the Board or the Governor that the inmate constitutes a current threat to public safety, and not merely whether some evidence confirms the existence of certain factual findings." Id. at 1212 (emphasis in original and citations omitted). As to the circumstances of the commitment offense, the Court concluded that

> although the Board and the Governor may rely upon the aggravated circumstances of the commitment offense as a basis for a decision denying parole, the aggravated nature of the crime does not in and of itself provide some evidence of current dangerousness to the public unless the record also establishes that something in the prisoner's pre- or post-incarceration history, or his or her current demeanor and mental state, indicates that the implications regarding the prisoner's dangerousness that derive from his or her commission of the commitment offense remain probative to the statutory determination of a continuing threat to public safety.

Id. at 1214.[1]

Contrary to Petitioner's contention, the California Supreme Court's holding in Lawrence does not compel a finding of suitability for parole in this instance. In Lawrence, the Court concluded that the sole reliance on the circumstances of the commitment offense to deny parole was not supported by "some evidence" in the record because the offense took place 36 years prior and "all the information in [the] postconviction record supports the determination that the inmate is rehabilitated and no longer poses a danger to public safety." Id. at 1226-1227. In this instance, Lawrence is inapposite because the Board did not rely solely on the immutable circumstances of Petitioner's commitment offense, but also on the unfavorable psychological reports indicating he had not accepted full and complete responsibility for the crime- implicating a strong risk of dangerousness, lack of solid parole plans, and opposition by the District Attorney's office. In addition, at the time of the 2006 hearing, Petitioner had been incarcerated for just under 16 years, on a 17 years to life sentence. Despite his years of incarceration, Petitioner has failed to gain

---

[1] To this end, the Court recognized that its prior determination of "a focus upon the egregiousness of the commitment offense to the exclusion of other relevant evidence has proved in practice to obscure the core statutory emphasis upon current dangerousness, the manner in which courts apply the some evidence standard in evaluating the evidentiary value of the gravity of the commitment offense requires some clarification." In re Shaputis, 44 Cal.4th 1241, 1254 (citing Lawrence, 44 Cal.4th at 1213-1214.)

sufficient insight into the commitment offense and therefore remains a risk to public safety if released.  The Board's reliance on the aggravated nature of the commitment offense, together with Petitioner's present mental state relating to the offense, provide some evidence that he remains dangerous and is not yet suitable for parole.  See In re Shaputis, 44 Cal.4th 1241, 1259-1261 (2008) (companion case to Lawrence) (held the nature of murder, along with the lack of insight into the murder and prior violent conduct, constituted some evidence of dangerousness).

      In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this Court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, including Petitioner's objections, the Court concludes that the Magistrate Judge's Findings and Recommendation is supported by the record and proper analysis.  Petitioner's objections present no grounds for questioning the Magistrate Judge's analysis.

      Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendation issued September 2, 2008, is ADOPTED IN FULL;
2. The Petition for Writ of Habeas Corpus is DENIED;
3. The Clerk of the Court is DIRECTED to enter judgment in favor of Respondent; and
4. A certificate of appealability is not necessary because Petitioner did not challenge the validity of his conviction, but rather the denial of parole.  See Rosas v. Nielsen, 428 F.3d 1229, 1231-1232 (9th Cir. 2005); White v. Lambert, 370 F.3d 1002, 1010-1013 (9th Cir. 2004) (no certificate of appealability required for denial of petition challenging parole or any other administrative decision by prison officials in making a determination regarding the execution of prisoner's sentence).

IT IS SO ORDERED.

**Dated:   November 21, 2008**          /s/ Oliver W. Wanger
                                                   UNITED STATES DISTRICT JUDGE